**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

Case No. 2:17-cv-14120

KENNETH A. THOMAS MD, LLC,
a Connecticut limited liability company,
individually and on behalf of all
others similarly situated,

      *Plaintiff*,

v.

THE IREMEDY HEALTHCARE
COMPANIES, INC., f/k/a THE PAQUIN
HEALTHCARE COMPANIES, INC.,
a Florida corporation,

      *Defendant*.
_____/

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Kenneth A. Thomas MD, LLC ("Thomas MD LLC" or "Plaintiff"), brings this Class Action Complaint against Defendant The iRemedy Healthcare Companies, Inc. ("iRemedy"), to stop its practice of sending unauthorized and unwanted fax advertisements, and to obtain redress for all persons and entities injured by its conduct. Plaintiff alleges as follows upon personal knowledge as to itself and its own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by its attorneys.

**NATURE OF THE ACTION**

1.    Defendant iRemedy is an e-commerce company that sells medical devices to healthcare providers around the country. According to its website, "iRemedy is designed to save healthcare providers time and money on medical supplies and drugs used in their practices, and

1

to generate new revenues through the sale of products and services to their patients."[1]

2. To boost sales on its e-commerce platform, iRemedy created a fax-based marketing campaign wherein it sent numerous unsolicited fax advertisements to unaffiliated healthcare providers, including to Plaintiff Thomas MD LLC.

3. iRemedy sent the unsolicited fax advertisements at issue to Plaintiff and members of the Class (defined below) despite (i) having no previous relationship with them, (ii) never receiving their consent to receive such faxes, and (iii) that none of the faxes sent contained the requisite opt-out notices.

4. As such, iRemedy's spam fax-based advertising campaign violates the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), and caused Plaintiff and the Class to suffer actual harm, including the aggravation and nuisance of receiving such faxes, the loss of use of their fax machines during the receipt of such faxes, increased labor expenses, and the loss of any ink and paper used to print them.

5. Plaintiff Thomas MD LLC, individually and on behalf of all others similarly situated, seeks an injunction requiring Defendant to cease all unauthorized fax-based marketing activities, as well as an award of actual and statutory damages to the members of the Class, along with costs and reasonable attorneys' fees.

## PARTIES

6. Plaintiff Kenneth A. Thomas MD, LLC is a limited liability company organized and existing under the laws of the State of Connecticut.

7. Defendant iRemedy Healthcare Companies, Inc., is organized and exists under the laws of the State of Florida, with its principal place of business at 2862 SE Monroe Street, Stuart,

---

[1] *Remote Patient Monitoring*, iRemedy, http://pro.iremedy.com/remote/ (last visited April 10, 2017).

Florida 34997. iRemedy does business in the State of Florida and in this District.

**JURISDICTION AND VENUE**

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, a federal statute.

9. The Court has personal jurisdiction over iRemedy because the wrongful conduct giving rise to Plaintiff's cause of action occurred in this District. Venue is proper in this District because a substantial part of the events giving rise to Plaintiff's claims occurred in this District. Additionally, venue is proper in this District because Defendant's principal place of business is in this District.

**COMMON FACTUAL ALLEGATIONS**

10. Defendant iRemedy is an e-commerce company that sells an array of medical devices to healthcare providers, including technology that allows them to remotely monitor their patients' blood pressure.

11. In order to boost its revenues, iRemedy sends numerous unsolicited faxes to unaffiliated healthcare providers. Each of the unsolicited faxes expressly advertised products and/or services sold through iRemedy's e-commerce platform.

12. iRemedy sends these fax advertisements to individuals and businesses with which it has no relationship whatsoever, and without their permission or consent, in violation of the TCPA.

13. The faxes sent by iRemedy constitute advertisements because they promote the commercial availability and quality of its products and services.

14. iRemedy used a telephone facsimile machine, computer, or other device to send the fax advertisements at issue.

15. Worse yet, the unsolicited fax advertisements at issue failed to provide recipients with the proper opt-out disclosures required by the TCPA and its implementing regulations, including: (i) a notice informing the fax recipients of their legal right to opt out of receiving future fax advertisements; (ii) a notice identifying a telephone number for fax recipients to submit their opt-out requests to iRemedy; (iii) a notice identifying a cost-free mechanism to submit their opt-out requests to iRemedy; and (iv) a notice informing recipients of iRemedy's own obligation to comply with opt-out requests within a reasonable time.

### FACTS SPECIFIC TO PLAINTIFF KENNETH A. THOMAS MD, LLC

16. On or around March 9, 2015 at approximately 8:05 p.m., iRemedy used a telephone facsimile machine to send an unsolicited fax advertisement to Plaintiff Thomas MD LLC. (A true and accurate copy of the March 9, 2015 fax advertisement is attached hereto as Exhibit A.)

17. iRemedy sent the fax to promote medical products that it sells through its e-commerce platform. (*See* Ex. A.)

18. Plaintiff Thomas MD LLC had no prior business relationship with iRemedy whatsoever, and has never provided it with consent to receive advertisements through any medium, let alone facsimiles.

19. iRemedy created the content of the fax advertisement, and transmitted it to Plaintiff and members of the Class with the intention of generating sales and increasing its revenues.

20. The fax failed to contain the required opt-out notice mandated by 47 U.S.C. § 227(b)(2)(D) and 47 C.F.R. § 64.1200(a)(4)(iii)–(iv). Specifically, the fax failed to contain language providing: (i) a notice informing fax recipients of their legal right to opt out of

receiving future facsimile advertisements; (ii) a notice identifying a telephone number for fax recipients to submit their opt-out requests to iRemedy; (iii) a notice identifying a cost-free mechanism to submit their opt-out requests to iRemedy; and (iv) a notice informing recipients of iRemedy's own obligation to comply with opt-out requests within a reasonable time.

## CLASS ACTION ALLEGATIONS

21. **Class Definition**: Plaintiff Thomas MD LLC brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) individually and on behalf of a class defined as follows:

> All persons and entities who (i) in the four years preceding the filing of this action, (ii) received a telephone facsimile advertisement, (iii) sent by or on behalf of iRemedy, (iv) for whom iRemedy did not have a record of prior express consent to send the facsimile advertisements at the time they were sent.

The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) iRemedy, iRemedy's subsidiaries, parents, successors, predecessors, and any entity in which iRemedy or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and iRemedy's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

22. **Numerosity**: The exact size of the Class is unknown and unavailable to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, iRemedy faxed unsolicited advertisements to thousands of individuals and entities who fall into the definition of the Class. Class membership can be easily determined from iRemedy's records.

23. **Typicality**: Plaintiff's claims are typical of the claims of the other members of the Class. Plaintiff is a member of the Class, and if iRemedy violated the TCPA with respect to Plaintiff, then it violated the TCPA with respect to the other members of the Class. Plaintiff and members of the Class sustained damages as a result of iRemedy's uniform wrongful conduct.

24. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

   (a) How iRemedy gathered, compiled, or obtained the fax numbers of Plaintiff and the Class;

   (b) Whether iRemedy's faxes advertised the commercial availability or quality of property, goods, or services;

   (c) Whether iRemedy sent the fax advertisements without first obtaining Plaintiff's and the Class's prior express consent to do so;

   (d) Whether iRemedy sent the fax advertisements without first obtaining Plaintiff's and the Class's prior permission or invitation to do so;

   (e) Whether iRemedy's faxes complied with the opt-out notice requirements of 47 U.S.C. § 227(b)(1)(C)(iii), and the regulations promulgated thereunder; and

   (f) Whether iRemedy's conduct was willful such that Plaintiff and the Class are entitled to treble damages.

25. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Class, and iRemedy has no defenses unique to Plaintiff.

26. **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the

Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class, and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's practices challenged herein apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

27. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy given that joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by iRemedy's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from iRemedy's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this case. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. As such, economies of time, effort, and expense will be fostered and uniformity of decisions ensured.

**CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227**
**(On Behalf of Plaintiff and the Class)**

28. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

29. The TCPA makes it unlawful for any person to "use any telephone facsimile machine, computer or other device to send, to a telephone facsimile machine, an unsolicited

advertisement. . . ." 47 U.S.C. § 227(b)(1)(C).

30. The TCPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

31. The faxes sent by iRemedy advertised the commercial availability and quality of its goods and services and were commercial in nature. Therefore, iRemedy's faxes are advertisements under the TCPA.

32. iRemedy sent the facsimile advertisements at issue to Plaintiff and members of the Class without their prior express invitation or consent, and without any prior business relationship between it and members of the Class.

33. Additionally, the TCPA mandates that senders of faxed advertisements place a clear and conspicuous notice on the first page of the transmission that contains information regarding a recipient's right to not receive faxed advertisements, as well as instructions on how to opt out of future transmissions. *See* 47 U.S.C. § 227(b)(2)(D); 47 C.F.R. § 64.1200(a)(4)(iii). This notice must be provided on all unsolicited facsimile advertisements. *See* 47 C.F.R. § 64.1200(a)(4)(iv).

34. iRemedy sent facsimile advertisements to Plaintiff and the Class that failed to contain the requisite opt-out notices. Specifically, the faxes failed to contain language that provided: (i) a notice to fax recipients of their legal right to opt out of receiving future facsimile advertisements; (ii) a telephone number for fax recipients to submit their opt-out requests to iRemedy; (iii) a notice identifying a cost-free mechanism to submit their opt-out requests to iRemedy; and (iv) a notice informing recipients of iRemedy's own obligation to comply with

opt-out requests within a reasonable time.

35. iRemedy's failure to include the opt-out notice information required by the TCPA deprived Plaintiff and members of the Class of the ability to make informed decisions with respect to their legal right to not receive faxed advertisements, and denied them of the information necessary to opt out of receiving future fax advertisements.

36. By sending the fax advertisements at issue to Plaintiff and members of the Class without their consent or the requisite opt-out information required by the TCPA, iRemedy violated 47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(4).

37. As a result of iRemedy's conduct, Plaintiff and members of the Class suffered actual damages, including the conversion or loss of paper and toner consumed in the printing of the faxes, the loss of use of the recipients' fax machines during the time required to receive, review and route the unauthorized faxes, as well as increased labor expenses.

38. Plaintiff and the Class are therefore entitled to a minimum of $500 in damages for each violation under 47 U.S.C. § 227(b)(3)(B). To the extent iRemedy's misconduct is determined to be willful, the Court should treble the amount of statutory damages under 47 U.S.C. § 227(b)(3).

39. Additionally, as a result of iRemedy's unlawful conduct, Plaintiff and the other members of the Class are entitled to an injunction under 47 U.S.C. § 227(b)(3)(A), to ensure that iRemedy's violations of the TCPA do not continue into the future.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Kenneth A. Thomas MD, LLC, on behalf of itself and the Class, prays for the following relief:

A. An order certifying the Class as defined above, appointing Kenneth A. Thomas

MD, LLC as the representative of the Class, and appointing its counsel as Class Counsel;

  B. An order declaring that iRemedy's actions, as set out above, violate the TCPA;

  C. An order declaring that iRemedy's faxes constitute unsolicited advertisements, that they lack the required opt-out language, and that iRemedy sent the faxes without first obtaining prior express invitation, permission or consent of the recipients, and enjoining iRemedy from further violations, and otherwise protecting the interests of the Class;

  D. An award of actual and statutory damages;

  E. An award of pre-judgment interest;

  F. An award of reasonable attorneys' fees and costs; and

  G. Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully Submitted,

**KENNETH A. THOMAS MD, LLC**, individually and on behalf of all others similarly situated,

Dated: April 10, 2017  By:/s/ Dillon Brozyna

Dillon Brozyna <Bar No. 91339>
dbrozyna@edelson.com
Edelson PC
123 Townsend, Suite 100
San Francisco, California 94107
Tel: 415.212.9300
Fax: 415.373.9435

Stefan Coleman <Bar No. 30188>
law@stefancoleman.com
Law Offices of Stefan Coleman, P.A.
201 South Biscayne Boulevard, 28th Floor
Tel: 877.333.9427
Fax: 888.498.8946